JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THOMAS DOYLE and ANNALISA DOYLE | ANDREW J. WONICA, PJT TRANSPORT, PJT TRANSPORTATION, INC., and JORGE L. SILVA, |
| **(b)** County of Residence of First Listed Plaintiff   Rockland County, NY *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Hudson County, NJ *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)* MORELLI LAW FIRM PLLC, 777 Third Avenue, New York, NY 10017 212-751-9800 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ |  |  | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment |  | Product Liability |  | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability |  | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | **PERSONAL PROPERTY** |  | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | **LABOR** | | | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice |  | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise |  |  | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 893 Environmental Matters |
|  |  |  | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** |  | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee |  | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence |  |  |  |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General |  |  |  |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** |  |  |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application |  |  |
|  | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions |  |  |
|  |  | ❏ 550 Civil Rights |  |  |  |
|  |  | ❏ 555 Prison Condition |  |  |  |
|  |  | ❏ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
07/25/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | | |
|---|---|---|
| THOMAS DOYLE and ANNALISA DOYLE | ) ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) | Civil Action No. |
| ANDREW J. WONICA, PJT TRANSPORT, PJT TRANSPORTATION, INC., and JORGE L. SILVA, | ) ) ) ) | |
| *Defendant(s)* | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

ANDREW WONICA, 559 Summit Avenue, Jersey City, NJ 07306
PJT TRANSPORT, 90 Jacobus Avenue, Kearny, NJ 07032
PJT TRANSPORTATION, INC., 90 Jacobus Avenue, Kearny, NJ 07032
JORGE SILVA, 28 Tennyson Street, Carteret, NJ 07008

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Morelli Law Firm, PLLC
777 Third Avenue, 31th Floor
New York, New York 10022

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:          07/25/2017

_____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS DOYLE and ANNALISA DOYLE, | **COMPLAINT** |
| **Plaintiffs,** | **Docket No.:** |
| vs. | **PLAINTIFFS DEMAND A TRIAL BY JURY** |
| ANDREW J. WONICA, PJT TRANSPORT, PJT TRANSPORTATION, INC., and JORGE L. SILVA, | |
| **Defendants.** | |

Plaintiffs Thomas Doyle and Annalisa Doyle, by their attorneys Morelli Law Firm,

PLLC, respectfully allege as follows:

## NATURE OF THE CASE

1.    This is a civil action for personal injuries suffered by Thomas Doyle, and for loss of

consortium suffered by Annalisa Doyle (collectively "Plaintiffs"), against Defendants

Andrew Wonica, PJT Transport, PJT Transportation, Inc. and Jorge Silva (collectively

"Defendants").

2.    This action arises out of a motor vehicle accident that occurred on February 22, 2017, on

Route 17 in Paramus, NJ.

3.    In this accident, a truck driven by Mr. Wonica and owned by PJT Transport and PJT

Transportation, Inc. (hereinafter, the "PJT Truck") and a truck owned by Mr. Silva

(hereinafter, the "Silva Truck") collided, causing a heavy steel beam that was being

transported in the Silva Truck to become dislodged, launch across the highway median as

a projectile and collide with Mr. Doyle's vehicle.   As a result, Mr. Doyle sustained

1

severe and permanent injuries.   The Defendants' negligence was a substantial contributing factor in causing Plaintiffs' injuries.

## PARTIES

4.    Plaintiff, Thomas Doyle, at the time of the occurrence and at all times relevant herein was a resident of Rockland County, State of New York.

5.    Plaintiff Annalisa Doyle, at the time of the occurrence and at all times relevant herein was a resident of Rockland County, State of New York.

6.    Defendant Andrew Wonica, at the time of the occurrence and at all times relevant herein was a resident of Jersey City, NJ.

7.    Defendant PJT Transport is a New Jersey company with its principal place of business located in South Kearny, NJ.

8.    Defendant PJT Transportation, Inc. is a New Jersey company with its principal place of business located in South Kearny, NJ.

9.    Defendant Jorge Silva, at the time of the occurrence and at all times relevant herein was a resident of Carteret, NJ, and his/the company's principal place of business was located in Carteret, NJ.

## VENUE AND JURISDICTION

10.    The Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants are residents, incorporated and/or have their principal places of business.

11.    Venue is proper in this district because the accident occurred in Paramus, NJ, in the

2

County of Bergen, which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. On February 22, 2017, Defendant Andrew Wonica was operating a tractor trailer owned by Defendant PJT Transport.

13. On February 22, 2017, Defendant Andrew Wonica was operating a tractor trailer owned by Defendant PJT Transportation, Inc.

14. On February 22, 2017, Defendant Andrew Wonica was an employee of Defendant PJT Transport.

15. On February 22, 2017, Defendant Andrew Wonica was an employee of Defendant PJT Transportation, Inc.   (Defendants PJT Transport and PJT Transportation, Inc. will collectively be referred to herein as "PJT").

16. While Defendant Wonica was operating the PJT Truck traveling northbound on Route 17, the breaks on the trailer of the PJT Truck failed.

17. Defendant Wonica was operating the PJT Truck in the scope of his employment.

18. As a result of trailer's breaks failing, Defendant Wonica was unable to move his vehicle.

19. Accordingly, Defendant Wonica activated the PJT Truck's hazard lights and the PJT Truck remained in the center left lane of the highway.

20. While the PJT Truck was stopped in the middle of the highway, Antonio Cerrato was operating the Silva Truck on Route 17 northbound.

21. Upon information and belief, Mr. Cerrato was an employee of Defendant Jorge Silva, and working in the scope of his employment at the time of the accident.

22. Mr. Cerrato, while operating the Silva Truck, was transporting a cargo load of heavy steel beams.

3

23.    Mr. Cerrato, while operating the Silva Truck and proceeding northbound on Route 17, failed to recognize the PJT Truck stopped in the middle of the roadway and collided with the rear of the PJT Truck.

24.    After colliding with the PJT Truck, the Silva Truck careened into the center barrier median of Route 17.

25.    As a result of the collision, one of the steel beams being transported by the Silva Truck became dislodged, and was caused to launch as a projectile across the highway into oncoming traffic.

26.    At the time of the collision between the PJT Truck and the Silva Truck, Mr. Doyle was operating his vehicle southbound on Route 17.

27.    The projectile steel beam was caused to smash into Mr. Doyle's car, crushing his vehicle and causing him severe and permanent personal injuries.

28.    Mr. Doyle was extracted from the car and transported to the hospital.


## FIRST COUNT – NEGLIGENCE

29.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

30.    On February 22, 2017, Plaintiff Thomas Doyle was lawfully operating his vehicle on Route 17 southbound in Paramus, NJ.

31.    On February 22, 2017, Andrew Wonica was an employee of PJT, and was operating his truck in the regular course of his employment.

32.    On February 22, 2017, Antonio Cerrato was an employee of Jorge Silva, and was operating his truck in the regular course of his employment.

4

33.    On February 22, 2017, the PJT Truck and the Silva Truck were involved in a motor
vehicle collision on Route 17 northbound in Paramus, NJ.

34.    As a result of the motor vehicle collision between the PJT Truck and the Silva Truck, a
steel beam was caused to launch as a projectile from the Silva Truck across the highway
divider, into oncoming traffic, and struck Mr. Doyle's vehicle.

35.    The Defendants were careless and negligent in the ownership of their vehicles.

36.    The Defendants were careless and negligent in the operation of their vehicles.

37.    The Defendants were careless and negligent in the maintenance of their vehicles.

38.    The Defendants were careless and negligent in the inspection of their vehicles.

39.    As a direct and proximate result of the Defendants' careless and negligent conduct, the
aforementioned accident occurred and Mr. Doyle was caused to sustain severe and
permanent personal injuries including but not limited to multiple fractures which required
multiple surgeries, extensive medical treatment, and will require significant physical
rehabilitation.

40.    As a direct and proximate result of the physical injuries sustained by Mr. Doyle in the
collision, he has been incapacitated from pursuing his usual employment and other
activities, may be left with disabilities that will in the future similarly incapacitate him
and cause him pain and suffering, and may require medical treatment.

## SECOND COUNT – LOSS OF CONSORTIUM

41.    Plaintiffs incorporate by reference all preceding paragraphs of this complaint as if fully
set forth herein.

42.    As a consequence of the motor vehicle accident further described above, Mr. Doyle

sustained significant and permanent injuries as more fully described above.

43.     Before suffering the injuries resulting from the accident, Mr. Doyle was able to and did

perform all the duties of a husband and did perform these duties, including but not limited

to maintaining the home, providing love, companionship, affection, society, sexual

relations, moral support and solace to his wife, Annalisa Doyle.

44.     Ms. Doyle suffered from loss of society and consortium as a result of these injuries to her

husband.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right,

pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand upon Defendants:

    a.      actual, compensatory and statutory damages;

    b.      punitive damages as allowed by law;

    c.      pre and post-judgment interest as allowed by law;

    d.      an award of attorneys' fees as allowed by law;

    e.      an award of taxable costs; and

    f.      any and all such further relief as this Court deems just and proper.

Dated: New York, New York
       July 25, 2017

                                        MORELLI LAW FIRM, PLLC

                                        David T. Sirotkin
                                        D.N.J. Bar ID: DS4863
                                        dsirotkin@morellilaw.com

6

Benedict P. Morelli
N.Y. Bar No.: 1060441
bmorelli@morellilaw.com

Perry Fallick
N.Y. Bar No.:
pfallick@morellilaw.com

777 Third Avenue, 31st Floor
New York, New York 10017
Tel: (212) 751-9800
Fax: (212) 751-0046

*Attorneys for Plaintiffs*

7

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS DOYLE and ANNALISA DOYLE,

Plaintiffs,

vs.

ANDREW J. WONICA, PJT TRANSPORT,
PJT TRANSPORTATION, INC., and
JORGE L. SILVA,

Defendants.

COMPLAINT

Docket No.:

PLAINTIFFS DEMAND
A TRIAL BY JURY

## SUMMONS AND COMPLAINT

**MORELLI LAW FIRM PLLC**
*Attorneys for Plaintiff*
777 Third Avenue
New York, NY 10022
212-751-9800