LAW OFFICES OF BARNABA & MARCONI, LLP
By: Dennis M. Marconi, Esquire
Attorney I.D. # DMM9293
315 Lowell Avenue
Trenton, NJ  08619
(609) 584-1444
Attorneys for Defendants/Third Party Plaintiffs Andrew J. Wonica and PJT Transportation, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS DOYLE and ANNALISA DOYLE, | Docket No.:  2:17-CV-05432-SRC-CLW |
| | CIVIL ACTION |
| Plaintiffs | |
| | |
| v. | ANDREW J. WONICA |
| | and PJT TRANSPORTATION, INC.'S |
| ANDREW J. WONICA, PJT TRANSPORT, | ANSWER, AFFIRMATIVE DEFENSES, |
| PJT TRANSPORTATION, INC. and | CROSSCLAIMS, THIRD PARTY |
| JORGE L. SILVA | COMPLAINT AND JURY DEMAND |
| | |
| Defendants, | |
| | |
| and | |
| | |
| ANDREW J. WONICA, PJT TRANSPORT, | |
| and PJT TRANSPORTATION, INC. | |
| | |
| Defendants/Third Party Plaintiffs, | |
| | |
| ANTONIO CERRATO, MAERSK | |
| EQUIPMENT SERVICE COMPANY, INC. | |
| d/b/a DIRECT CHASSISLINK, INC., | |
| HALDEX CORPORATION and JOHN DOES | |
| 1-10 (fictitious individuals) | |
| | |
| Third Party Defendants. | |

Defendants/third party plaintiffs, Andrew J. Wonica and PJT Transportation, Inc., by their attorneys Barnaba & Marconi, LLP, hereby answer plaintiffs' complaint as follows:

## NATURE OF THE CASE

1-2.   Answering defendants admit the allegations contained in Paragraphs 1-2.

3.   Answering defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 3.

## PARTIES

4-5.   Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4-5.

6.   Answering defendants admit the allegations contained in Paragraph 6.

7.   Denied as there is no such corporate entity.

8.   Answering defendants admit the allegations contained in Paragraph 8.

9.   Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

## VENUE AND JURISDICTION

10.   Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.   Answering defendants admit the allegations contained in Paragraph 11.

## FACTUAL ALLEGATIONS

12-13.   Answering defendants admit the allegations contained in Paragraphs 12-13.

14.   Denied as there is no such corporate entity.

15.   Answering defendants admit the allegations contained in Paragraph 15.

16.   Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17-20.   Answering defendants admit the allegations contained in Paragraphs 17-20.

21. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22-25. Answering defendants admit the allegations contained in Paragraphs 22-25.

26-28. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 26-28.

### FIRST COUNT-NEGLIGENCE

29. Answering defendants repeat their answers to the previous counts of the complaint as if set forth at length herein.

30. Answering defendants dispute the allegations contained in Paragraph 30.

31. Answering defendants admit the allegations contained in Paragraph 31.

32. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33-34. Answering defendants admit the allegations contained in Paragraphs 33-34.

35. Denied. All allegations of law asserted as to answering defendants are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendants deny that they were careless or negligent as alleged. Strict proof thereof is demanded at the time of trial, if material.

36. Denied. All allegations of law asserted as to answering defendants are denied without the need for further response. In the event and to the extent that an answer is deemed necessary, answering defendants deny that they were careless or negligent as alleged. Strict proof thereof is demanded at the time of trial, if material.

37. Denied. All allegations of law asserted as to answering defendants are denied without event and to the extent that an answer is deemed necessary, answering defendants deny that they were careless or negligent as alleged. Strict proof thereof is demanded at the time of trial, if material.

38. Denied. All allegations of law asserted as to answering defendants are denied without event and to the extent that an answer is deemed necessary, answering defendants deny that they were careless or negligent as alleged. Strict proof thereof is demanded at the time of trial, if material.

39. Denied. All allegations of law asserted as to answering defendants are denied without event and to the extent that an answer is deemed necessary, answering defendants, deny that they were careless or negligent and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the corresponding paragraph of the complaint. Strict proof thereof is demanded at the time of trial, if material.

40. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

## SECOND COUNT-LOSS OF CONSORTIUM

41. Answering defendants repeat their answers to the previous counts of the complaint as if set forth at length herein.

42-44. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 42-44.

**WHEREFORE,** answering defendants demand judgment be entered in their favor and against the plaintiffs, that the plaintiffs' complaint be dismissed with prejudice, and that the answering defendants be awarded such other and further relief, together with costs and interest, as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1. The damages of the plaintiffs, if any, are limited by the provisions of the New Jersey Automobile Reparation Reform Act.

2. The alleged damages of the plaintiffs are covered by insurance and the claim is barred.

3. The damages are reduced by any benefits received from the automobile personal injury coverage pursuant to N.J.S.A. 39:6A-12.

4. The damages of the plaintiffs, if any, are limited by plaintiffs' negligence in failing to exercise due and proper care which was greater than the negligence of these answering defendants, in accordance with the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

5. Plaintiffs' complaint fails to state a cause of action upon which relief may be granted.

6. The complained of occurrence was caused by third parties over whom the answering defendants had no control.

7. The damages alleged were the result of the unforeseeable intervening or superseding acts of others independent of answering defendants which bar plaintiffs' cause of action.

8. The Court does not have jurisdiction over this matter as there is not complete diversity of citizenship between the plaintiffs, defendants and third party defendants.

## CROSSCLAIM FOR CONTRIBUTION

Answering defendants, Andrew J. Wonica and PJT Transportation, Inc., by way of crossclaim for contribution against all co-defendants, herein, allege and say:

1. Answering defendants deny any and all legal liability and responsibility for the acts alleged in the complaint.

2. If the answering defendants should be found liable to plaintiffs, which liability is denied, answering defendants assert that all co-defendants herein are joint tortfeasors with respect to any loss, liability or expense on account of plaintiffs' demand for judgment.

**WHEREFORE**, answering defendants, Andrew J. Wonica and PJT Transportation, Inc., demand judgment for contribution against all co-defendants herein pursuant to and in accordance with

the provisions of the New Jersey Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

Answering defendants, Andrew J. Wonica and PJT Transportation, Inc., by way of crossclaim for indemnification against all co-defendants herein, alleges and says:

1. Answering defendants deny any and all legal liability and responsibility for the acts alleged in the complaint.

2. If the answering defendants should be found liable to plaintiffs, which liability is denied, said liability will only be secondary, passive, technical, vicarious, or imputed and the liability of all co-defendants herein are primary, active and direct.

**WHEREFORE,** answering defendants, Andrew J. Wonica and PJT Transportation, Inc., demand judgment for indemnification in full against all co-defendants herein with respect to any damages which may be recovered against answering defendants by the plaintiffs herein together.

## THIRD PARTY COMPLAINT

Defendants/Third Party Plaintiffs, Andrew J. Wonica and PJT Transportation, Inc., by way of Third Party Complaint against the Third Party Defendants, Antonio Cerrato, Maersk Equipment Service Company, Inc., d/b/a Direct ChassisLink, Inc., Haldex Corporation and John Does 1-10 (fictitious individuals), allege and say:

### PARTIES

1. Third Party Defendant, Antonio Cerrato, at the time of the current and all times relevant herein, resided at 240 New Jersey Avenue, B2, Brooklyn, New York.

2. Third Party Defendant, Maersk Equipment Service Company, Inc. d/b/a Direct Chassislink, Inc., has offices located at 9300 Arrowpoint Boulevard, Charlotte, North Carolina.

6

3. Third Party Defendant, Haldex Corporation, has offices located at 10930 N. Pomona Avenue, Kansas City, Missouri.

4. Third Party Defendants John Does 1-10 are fictitious names for the owner/operator/maintainer of the trailer which defendant/third party plaintiff Andrew J. Wonica was hauling at the time of the accident and fictitious name for the manufacturer, seller, designer or distributor of the valve in the trailer being hauled by Wonica.

### FIRST COUNT

1. At the time and place referred to in plaintiffs' complaint and/or prior thereto, third party defendant Antonio Cerrato, was careless and negligent in the ownership, maintenance and operation of his motor vehicle such as to cause a collision with the motor vehicle being operated by defendant Wonica.

2. At the time and place referred to in plaintiffs' complaint and/or prior thereto, Third Party Defendant Maersk Equipment Service Company, Inc. d/b/a Direct Chassislink, Inc. was careless and negligent in the ownership, maintenance, inspection and repairs of the trailer being hauled by defendant Wonica at the time of the accident.

3. While denying any liability to the plaintiffs for the accident and injuries alleged, should the Defendants/Third Party Plaintiffs be adjudged liable, then this liability is secondary, vicarious and imputed and the accident and injuries, if any, were caused or contributed to by the negligence of the Third Party Defendants Antonio Cerrato and Maersk Equipment Service Company, Inc. d/b/a Chassislink, Inc.

**WHEREFORE**, Defendants/Third Party Plaintiffs demand judgment against Third Party Defendants for any sums adjudicated against it together with interest, attorney's fees and costs of suit.

## SECOND COUNT

1. Third party defendant Haldex Corporation was a manufacturer, seller, designer or distributor of a valve in the trailer being hauled by defendant/third party plaintiff, Andrew Wonica at the time of the subject accident.

2. At the time and place referred to in the plaintiffs' complaint and/or prior thereto, third party defendant Haldex Corporation was careless and negligent in the design, maintenance, distribution and/or manufacturing of the valve in the trailer being hauled by defendant third party plaintiff, Andrew J. Wonica, at the time of the subject accident.

3. The valve in the trailer hauled by defendant/third party plaintiff Andrew Wonica was not reasonably fit, suitable or safe for its intended purposes and was otherwise defected, unreasonably dangerous and contained inadequate warnings.

4. While denying any liability to the plaintiffs for the incident and injuries alleged, should defendants/third party plaintiffs be judged liable and liable is secondary vicarious and imputed as in the accident and injuries, if any, were caused by third party defendant Haldex Corporation in violation of N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Defendants/Third Party Plaintiffs demand judgment against Third Party Defendants for any sums adjudicated against it together with interest, attorney's fees and costs of suit.

## THIRD COUNT

1. Defendants/Third Party Plaintiffs repeat and reiterate the allegations of Count One as if same were set forth at length herein.

2. Defendants/Third Party Plaintiffs, while denying any negligence, assert that the negligence if any, was that of Third Party Defendants, and that the liability of the said Defendants/Third Party Plaintiffs, if any, was of a derivative or secondary nature, and the liability of said Third Party Defendant was of a primary character, thus giving rise to a duty on the part of the

Third Party Defendants to hold Defendants/Third Party Plaintiffs harmless and indemnify Defendants/Third Party Plaintiffs from any loss herein.

**WHEREFORE**, Defendants/Third Party Plaintiffs demand judgment and/or indemnification against the Third Party Defendants together with interest, attorney's fees and costs of suit.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to R. 4: 5-2, defendants/third party plaintiffs hereby request a written statement of damages claimed by the plaintiffs.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, notice is hereby given that Dennis M. Marconi is designated as trial counsel for this case.

## JURY DEMAND

**PLEASE TAKE NOTICE** that defendants/third party plaintiffs hereby request Trial by Jury as to all issues.

## CERTIFICATION

I, the undersigned, hereby certify that:

To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any other Court or arbitration proceeding.

BARNABA & MARCONI, LLC

BY: _____
DENNIS M. MARCONI, ESQUIRE
Attorney for Defendants/Third Party Plaintiffs,
Andrew J. Wonica and PJT Transportation, Inc.

DATED: September 19, 2017